**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 20 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LANCE REBERGER,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>MICHAEL KOEHN; et al.,<br><br>    Defendants-Appellees. | No. 19-15613<br><br>D.C. No. 3:15-cv-00468-MMD-CBC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted August 17, 2021**

Before: SILVERMAN, CHRISTEN, and LEE, Circuit Judges.

Nevada state prisoner Lance Reberger appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir.

---

  *  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  **  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2004).  We affirm.

The district court properly granted summary judgment on Reberger's claim concerning his August 1, 2014 medical treatment because Reberger failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to his serious medical needs.  *See id.* at 1057-60 (holding deliberate indifference is a "high legal standard" requiring a defendant be aware of and disregard an excessive risk to an inmate's health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference).

The district court properly granted summary judgment on Reberger's claim concerning the denial of seizure medication because Reberger failed to exhaust his administrative remedies and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable to him.  *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

19-15613

We do not consider documents not filed with the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

Reberger's request for an in camera review of a video filed with the district court, set forth in the opening brief, is denied as unnecessary.

Reberger's motion to file an oversized reply brief (Docket Entry No. 68) is granted.

**AFFIRMED.**